**BERRY APPLEMAN & LEIDEN**
Jeff Joseph (CO Bar No. 28695) (*pro hac vice pending*)
2400 N. Glenville Drive
Richardson, Texas 75082
(720) 273-4647
Email: jjoseph@bal.com

*Attorney for Plaintiff*
Student Doe #1

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Student DOE #1<br><br>    Plaintiff,<br><br>    v.<br><br>Donald J. TRUMP, in his official capacity, President of the United States of America;<br><br>John TSOUKARIS, in his official capacity as ICE Enforcement and Removal Operations New Jersey Field Office Director;<br><br>Todd M. LYONS, in his official capacity, Acting Director, Immigration and Customs Enforcement, U.S. Department of Homeland Security; and<br><br>Kristi NOEM, in her official capacity, Secretary, U.S. Department of Homeland Security;<br><br>    Defendants. | Case No.<br><br>**COMPLAINT AND REQUEST FOR DECLARTORY AND INJUNCTIVE RELIEF** |

Complaint for Declaratory and Injunctive Relief

**INTRODUCTION**

1. Plaintiff is a student in lawful F-1 status who graduated with a master's degree from a prestigious United States University and who was working, post-graduation, on her Optional Practical Training work authorization. They are one of approximately 4,700, if not more, F-1 students nationwide whose SEVIS record has been abruptly and unlawfully terminated by the U.S. Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE) in the past two weeks, in an attempt to strip them of their ability to lawfully remain in the United States. On information and belief, this policy appears to be primarily targeting African, Arab, Middle Eastern, Muslim, and Asian students.

2. The Student and Exchange Visitor Information Systems (SEVIS) is a government database that tracks international students' compliance with their F-1 status. ICE, through the Student and Exchange Visitor Program (SEVP), uses SEVIS to monitor student status. On April 9, 2025, SEVP terminated Plaintiff's SEVIS record and marked Plaintiff "Termination Reason: Other - Individual identified in criminal records check and/or has had their visa revoked. SEVIS record has been terminated."

3. Many of the thousands of students who have had their SEVIS record terminated have been notified by the U.S. Department of State (DOS) that their visa has been revoked.[1] To date, DOS still has not advised Plaintiff that their visa has been revoked, although Plaintiff took steps to independently verify this fact after receiving notice from school officials that their SEVIS record was terminated. In practical terms, however, whether or not Plaintiff's visa has been revoked makes little difference here.

---

[1] *See* Binkley, Collin, Annie Ma, and Makiya Seminera, *Federal officials are quietly terminating the legal residency of some international college students,* Associated Press, April 4, 2025, https://apnews.com/article/college-international-student-f1-visa-ice-trump-7a1d186c06a5fdb2f64506dcf208105a.

Complaint for Declaratory and Injunctive Relief

4. ICE takes the position, in their public facing guidance, that the termination of a SEVIS record effectively ends F-1 student status.[2] Even when a visa is revoked, however, ICE is not authorized to terminate Plaintiff's student status. The grounds cited by ICE in the SEVIS termination do not provide legal authority to terminate Plaintiff's SEVIS record. An F-1 visa only controls a student's ability to enter into the country, not their continued lawful presence once admitted. Plaintiff has been in full compliance with the terms of their F-1 status and has not engaged in any conduct that would warrant termination of their status.

5. Rather, ICE's policy of unlawfully terminating SEVIS records—whether in conjunction with F-1 visa revocations or not—appears to be designed to coerce students, including Plaintiff, into abandoning their studies or post-graduate employment and "self-deporting" despite not violating their status. For example, on March 5, 2025, DOS informed a graduate student at Columbia University, Ranjani Srinivasan, that her F-1 student visa had been cancelled, with her SEVIS subsequently terminated.[3] On March 14, 2025, Secretary of Homeland Security Kristi Noem issued a post on X, accompanied by a video of Ranjani Srinivasan: "I'm glad to see one of the Columbia University terrorist sympathizers use the CBP Home app to self deport."[4]

6. Other students who have had their F-1 visa revoked and/or SEVIS status terminated have been arrested and detained, sometimes before even learning their visa had been revoked at all. On information and belief, there is a policy and practice of transferring these individuals to the South—in particular, Louisiana—once detained. There have been several high-profile cases

---

[2] *SEVIS Termination Reasons*, DHS Study in the States, (last visited Apr. 16, 2025), https://studyinthestates.dhs.gov/sevis-help-hub/student-records/completions-and-terminations/termination-reasons.

[3] Luis Ferre-Sadurni & Hamed Aleaziz, *How a Columbia Student Fled to Canada After ICE Came Looking for Her*, N.Y. Times (Mar. 15, 2025), *available at* https://www.nytimes.com/2025/03/15/nyregion/columbia-student-kristinoem-video.html

[4] Kristi Noem, *X* (Mar. 14, 2025, 11:01 a.m.), *available at* https://x.com/Sec_Noem/status/1900562928849326488

Complaint for Declaratory and Injunctive Relief

of immigration arrests in New York, Washington D.C., and Boston, in which the government quickly moved the detainee across state lines to detention facilities in Louisiana and Texas.[5] On information and belief, there are several additional cases of students who have been arrested since their visas were revoked who were initially detained near where they lived, then moved to the South the day before or day of their bond hearing in immigration court.

7. If ICE believes a student is deportable for having a revoked visa or any other reason, it has the authority to initiate removal proceedings and make its case in court. It cannot, however, misuse SEVIS to circumvent the law, strip students of status, and drive them out of the country without process. It similarly cannot engage in retaliatory arrests and transfers to further intimidate students into abandoning their studies and fleeing the country to avoid arrest.

8. Over the past two weeks, visa revocations and SEVIS terminations have shaken campuses across the country, including New Jersey.[6] The racially targeted SEVIS terminations have taken place against the backdrop of numerous demands being made of universities by the

---

[5] *See, e.g.*, McKinnon de Kuyper, *Mahmoud Khalil's Lawyers Release Video of His Arrest*, N.Y. Times (Mar. 15, 2025), *available at* https://www.nytimes.com/video/us/politics/100000010054472/mahmoud-khalils-arrest.html (Mahmoud Khalil, arrested in New York and transferred to Louisiana); "What we know about the Tufts University PhD student detained by federal agents," CNN (Mar. 28, 2025), https://www.cnn.com/2025/03/27/us/rumeysa-ozturk-detained-what-we-know/index.html (Rumeysa Ozturk, arrested in Boston and transferred to Louisiana); Kyle Cheney & Josh Gerstein, *Trump is seeking to deport another academic who is legally in the country, lawsuit says*, Politico (Mar. 19, 2025), *available at* https://www.politico.com/news/2025/03/19/trump-deportationgeorgetown-graduate-student-00239754 (Badar Khan Suri, arrested in Arlington, Virginia and transferred to Texas).
[6] Joanna Gagis, *Why Were Student Visas Revoked for International Students in NJ?,* NJ Spotlight News (April 14, 2025) available at: https://www.njspotlightnews.org/video/why-were-student-visas-revoked-for-international-students-in-nj/
Trevor Hughes, *19 State AGs Ask Federal Judge to Block Trump's International Student Visa Cancellations,* USA Today (April 11, 2025) available at: https://www.usatoday.com/story/news/nation/2025/04/11/attorneys-general-lawsuit-trump-student-visa-cancellations/83048386007/

Complaint for Declaratory and Injunctive Relief

federal government and threats of cutting off billions of dollars in federal funding. They have created chaos as schools have attempted to understand what is happening and do their best to inform and advise students who are justifiably frightened about being arrested and shipped to an immigration jail far away from their communities.

9. Plaintiff does not challenge the revocation of their visa in this action. Rather, Plaintiff brings this action under the Administrative Procedure Act (APA) and the Declaratory Judgment Act to challenge ICE's illegal termination of their SEVIS record.

## JURISDICTION

10. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1346(b). An actual and justiciable controversy exists between the parties under 28 U.S.C. § 2201, and this Court has authority to grant declaratory and injunctive relief. *Id.* §§ 2201, 2202. The Court also has authority under the APA, 5 U.S.C. §§ 701–06.

11. Plaintiff does not challenge an underlying order of removal or actions committed to unreviewable agency discretion. Plaintiff is challenging Defendants' unlawful termination of their SEVIS and seeks to prevent their unlawful arrest as a result of that termination.

12. Plaintiff is not able to obtain review of their SEVIS revocation before an Immigration Judge. No other forum exists to address these claims.

13. Applying any statutory provision to curb jurisdiction in this case therefore would deprive Plaintiff of any effective judicial review of their claims and a "serious constitutional question . . . would arise if a federal statute were construed to deny any judicial forum for a colorable constitutional claim." *Webster v. Doe,* 486 U.S. 592, 603 (1988).

## VENUE

14. Venue is properly before this Court pursuant to 28 U.S.C. § 1391(e) because the Defendants are employees or officers of the United States, acting in their official capacity; because the Plaintiff resides within the jurisdiction of the ICE New Jersey Field Office,[7] which is in the jurisdiction of the District of New Jersey; and because Plaintiff resides in the District of New Jersey, and there is no real property involved in this action.

## PARTIES

15. Plaintiff is an international student currently pursuing post-graduate optional practical training and resides in Hudson County, New Jersey. Plaintiff seeks to proceed in this action with a pseudonym due to fear of retaliation by Defendants for asserting their rights through this lawsuit, and of harassment or block-listing by third parties.[8]

16. Defendant Donald J. TRUMP is named in his official capacity as the President of the United States of America. In this capacity, he is responsible for the policies and actions of the executive branch, including the U.S. Department of State and U.S. Department of Homeland Security.

17. Defendant John Tsoukaris is the Field Office Director of ICE, in New Jersey, and is named in his official capacity. ICE is the component of the DHS that is responsible for detaining and removing noncitizens according to immigration law and oversees custody determinations. In his official capacity, he is responsible for the enforcement of the immigration laws in New Jersey, including against Plaintiff. ICE is responsible for the termination of Plaintiff's SEVIS record.

---

[7] The New Jersey ICE Field Office area of responsibility covers all of New Jersey. https://www.ice.gov/contact/field-offices?office=13
[8] The Plaintiff will separately file a Motion to Proceed under Pseudonym.

Complaint for Declaratory and Injunctive Relief

18. Defendant Todd M. LYONS is the Acting Director of ICE and is named in his official capacity. Among other things, ICE is responsible for the administration and enforcement of the immigration laws, including the removal of noncitizens.

19. Defendant Kristi NOEM is the Secretary of the DHS and is named in her official capacity. DHS is the federal agency encompassing ICE, which is responsible for the administration and enforcement of the INA and all other laws relating to the immigration of noncitizens. In her capacity as Secretary, Defendant Noem has responsibility for the administration and enforcement of the immigration and naturalization laws pursuant to section 402 of the Homeland Security Act of 2002, 107 Pub. L. No. 296, 116 Stat. 2135 (Nov. 25, 2002); *see also* 8 U.S.C. § 1103(a).

## LEGAL BACKGROUND

20. A nonimmigrant visa controls a noncitizen's admission into the United States, not their continued stay. Congress established a statutory basis for student visas under 8 U.S.C.§ 1101(a)(15)(F)(i), requiring that a noncitizen engage in a full course of study to maintain nonimmigrant status. Once admitted in F-1 status, a student is granted permission to remain in the United States for the duration of status (annotated as D/S) as long as they continue to meet the requirements established by the regulations governing their visa classification in 8 C.F.R. § 214.2(f), such as maintaining a full course of study and avoiding unauthorized employment.[9]

21. SEVIS is a centralized database maintained by the SEVP within ICE used to manage information on nonimmigrant students and exchange visitors and track their compliance with terms of their status. Under 8 C.F.R. § 214.3(g)(2), Designated School Officials (DSOs) must

---

[9] *See, Maintaining Student Status,* DHS Study in the States, (last visited April 17, 2025) https://studyinthestates.dhs.gov/students/maintaining-status

Complaint for Declaratory and Injunctive Relief

report through SEVIS to SEVP when a student fails to maintain status. SEVIS termination is governed by SEVP policy and regulations.[10] Termination can only be based on a student's failure to maintain status.[11]

22. DHS regulations distinguish between two separate ways a student may fall out of status: (1) a student who "fails to maintain status," and (2) an agency-initiated "termination of status."

23. The first category, failure to maintain status, involves circumstances where a student voluntarily or inadvertently falls out of compliance with the F-1 visa requirements—for example, by failing to maintain a full course of study, engaging in unauthorized employment, or other violations of their status requirements under 8 C.F.R. § 214.2(f). In addition, 8 C.F.R. §§ 214.1(e)–(g) outlines specific circumstances where certain conduct by any nonimmigrant visa holder, such as engaging in unauthorized employment, providing false information to DHS, or being convicted of a crime of violence with a potential sentence of more than a year, "constitutes a failure to maintain status."

24. With the respect to the crime of violence category, 8 C.F.R. § 214.1(g) sets forth that a nonimmigrant's conviction "for a crime of violence for which a sentence of more than one year imprisonment may be imposed (regardless of whether such sentence is in fact imposed) constitutes a failure to maintain status . . . ." Minor misdemeanor offenses do not meet this threshold for termination based on criminal history. The Supreme Court of the United States has held that a crime of violence "means 'an offense that has as an element the use, attempted

---

[10] *See SEVIS Termination Reasons*, DHS Study in the States, (last visited Apr. 16, 2025), https://studyinthestates.dhs.gov/sevis-help-hub/student-records/completions-and-terminations/termination-reasons.
[11] *Id.*

Complaint for Declaratory and Injunctive Relief

use, or threatened use of physical force against the person or property of another.'" *See, e.g.*, *Borden v. United States*, 593 U.S. 420, 427 (2021).

25. The second category, termination of status by ICE, can occur only under the limited circumstances set forth in 8 C.F.R. § 214.1(d), which only permits ICE to terminate status when: (1) a previously granted waiver under INA § 212(d)(3) or (4) [ 8 U.S.C. § 1182(d)(3) or (4)] is revoked; (2) a private bill to confer lawful permanent residence is introduced in Congress; or (3) ICE publishes a notification in the Federal Register identifying national security, diplomatic, or public safety reasons for termination. ICE cannot otherwise unilaterally terminate nonimmigrant status.[12]

26. Accordingly, the revocation of a visa does not constitute failure to maintain status and cannot therefore be a basis for SEVIS termination. If a visa is revoked prior to the student's arrival to the United States, then a student may not enter the country, and the SEVIS record is terminated. However, the SEVIS record may not be terminated as a result of a visa revocation *after* a student has been admitted into the United States, because the student is permitted to continue the authorized course of study.[13]

27. ICE's own guidance confirms that "[v]isa revocation is not, in itself, a cause for termination of the student's SEVIS record."[14] Rather, if the visa is revoked, the student is permitted to pursue their course of study in school, but upon departure, the SEVIS record is

---

[12] *See Jie Fang v. Dir. United States Immigr. & Customs Enf't*, 935 F.3d 172, 185 n. 100 (3d Cir. 2019).
[13] ICE Policy Guidance 1004-04 –Visa Revocations (June 7, 2010), available at https://www.ice.gov/doclib/sevis/pdf/visa_revocations_1004_04.pdf
[14] *Id.*

Complaint for Declaratory and Injunctive Relief

terminated and the student must obtain a new visa from a consulate or embassy abroad before returning to the United States.[15]

26. While a visa revocation *can* be charged as a ground of deportability in removal proceedings, deportability can be contested in such proceedings.[16] The immigration judge may dismiss removal proceedings even where a visa is revoked, so long as a student is able to remain in valid status.[17] Only when a final removal order is entered would status be lost. *See* 8 U.S.C. § 1252(a)(1) (General Orders of Removal); 8 C.F.R. § 1241.1 (Final Order of Removal).

27. A student who has not violated their F-1 status, even if their visa is revoked, cannot have a SEVIS record terminated based on INA § 237(a)(1)(C)(i) [8 U.S.C. § 1227(a)(1)(C)(i)] (failure to maintain status), INA §237(a)(4)(C)(i) [8 U.S.C. § 1227(a)(4)(C)(i)] (foreign policy grounds), or any deportability ground for that matter. *See* 8 C.F.R. § 214.1(d) (establishing the three limited circumstances under which DHS can terminate status).

28. The immigration courts have no ability to review the SEVIS termination here because the process is collateral to removal.[18] The termination of a SEVIS record constitutes final agency action for purposes of APA review.[19]

## FACTUAL ALLEGATIONS

---

[15] Guidance Directive 2016-03, 9 FAM 403.11-3 – VISA REVOCATION (Sept. 12, 2016), available at https://www.aila.org/library/dos-guidance-directive-2016-03-on-visa-revocation
[16] *See* 8 USC § 1227(a)(1)(B); 8 U.S.C. § 1201(i) (allowing immigration court review of visa revocation
[17] 8 C.F.R. § 1003.18(d)(ii)(B).
[18] *See*; *Jie Fang v. Dir. United States Immigr. & Customs Enf't*, 935 F.3d 172, 183 (3d Cir. 2019); *Nakka v. United States Citizenship & Immigr. Servs.*, 111 F.4th 995, 1007 (9th Cir. 2024).
[19] *See Fang*, 935 F.3d at 185.

Complaint for Declaratory and Injunctive Relief

29. Plaintiff is currently pursuing post-graduate optional practical training, which is authorized through their F-1 student status, in Jersey City, New Jersey. They are from a country in Asia and have valid work authorization through 2026.

30. Plaintiff has not engaged in any significant political activity.

31. Plaintiff first came to study in the United States on a student visa in 2021 when they arrived in New Jersey to begin pursuing their master's degree at a college or university located in New York. After earning their master's degree, they continued their post-graduate optional practical training in January of 2023 and have been employed with the same employer since that time. Plaintiff has complied with all the requirements of their visa and of the educational institution in which they are enrolled.

32. On or about April 10, 2025, Plaintiff received notice from the college or university where they are enrolled that their SEVIS status was terminated.

33. According to the school's officials, the reason listed was that Plaintiff had been identified in a criminal records check. Specifically, Plaintiff was advised that the reason listed for their SEVIS record termination was "Other – Individual identified in criminal records check and/or has had their visa revoked."

34. School officials informed plaintiff that they discovered that Plaintiff's SEVIS account was terminated. Accordingly, and upon information and belief, the school itself did not terminate Plaintiff's SEVIS status.

35. Plaintiff is unaware of the factual basis for the termination of their SEVIS status.

36. Additionally, Plaintiff logged into the Department of State website to ascertain her visa status and confirmed that her F-1 visa was also revoked on April 9, 2025.

Complaint for Declaratory and Injunctive Relief

37. Plaintiff's only criminal history is a minor municipal disorderly persons arrest. Although Plaintiff was charged with the disorderly persons offense in the municipal court of Jersey City, they were never convicted because the prosecutor dismissed the charges. The dismissed disorderly persons prosecution does not render Plaintiff inadmissible to or deportable from the United States.

38. Through their F-1 student status, Plaintiff is authorized for post-graduate employment through their school on Optional Practical Training (OPT). Plaintiff has a good job as a risk analyst and was earning upwards of $100,000 per year. Their employer had entered them in the H-1B lottery and was willing to continue their employment with the hopes of sponsoring them for a longer-term work status. These plans, however, have been disrupted due to the interruption and uncertainty of their academic timeline since his SEVIS record was terminated. Once the employer was told that the student's SEVIS status was terminated, they were terminated from their position.

39. Plaintiff also has a long-term partner who is a lawful permanent resident and they live together in Jersey City.

40. Since they received notice of their SEVIS termination, Plaintiff has been experiencing elevated levels of stress and anxiety. They are unsure of what will happen to them, and they fear the effect incarceration or deportation would have on their partner.

41. As stated above, ICE's en masse SEVIS terminations have created havoc and uncertainty for schools as well. Upon information and belief, Plaintiff's college was not given any advanced warning or further explanation for the termination of Plaintiff's SEVIS status. Schools are

scrambling to respond to these unprecedented actions and determine whether and how they can help their international students.[20]

42. Intervention by the Court is necessary to remedy Defendants' illegal conduct.

## CAUSES OF ACTION
## FIRST CAUSE OF ACTION
### Administrative Procedure Act
*(Unauthorized SEVIS Termination)*

43. Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.

44. Under §706(a) of the APA, final agency action can be set aside if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . . in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; . . . [or] without observance of procedure required by law."  5 U.S.C. §706(2)(A), (C)-(D).

45. Defendants have no statutory or regulatory authority to terminate Plaintiff's SEVIS record or status. This is true even if DOS has revoked Plaintiff's F-1 visa (which they have not received any notice of). Additionally, nothing in Plaintiff's criminal history or other history provides a basis for termination.

46. Therefore, Defendant's termination of Plaintiff's SEVIS status is not in accordance with law, in excess of statutory authority, and without observance of procedure required by law.

---

[20] *See* Liam Knox, *How Trump is Wreaking Havoc on the Student Visa System*, Inside Higher Ed, April 5, 2024, https://www.insidehighered.com/news/global/international-students-us/2025/04/03/how-trump-wreaking-havoc-student-visa-system

Complaint for Declaratory and Injunctive Relief

## SECOND CAUSE OF ACTION

**Fifth Amendment**
*(Procedural Due Process)*

47. Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here. Procedural due process requires that the government be constrained before it acts in a way that deprives individuals of property interests protected under the Due Process Clause of the Fifth Amendment.

48. Once a student is lawfully admitted to the United States in F-1 status and complies with the regulatory requirements of that status, the continued registration of that student in SEVIS is governed by specific and mandatory regulations. Because these regulations impose mandatory constraints on agency action and because SEVIS registration is necessary for a student to remain enrolled as an international student, Plaintiff has a constitutionally protected property interest in their SEVIS registration. *See Isserdasani v. Noem,* 25-cv-283-wmc (W.D. Wis. Apr. 15, 2025)(granting Temporary Restraining Order and finding property interest in participating in SEVIS)(Exhibit A); *ASSE Int'l, Inc. v. Kerry*, 803 F.3d 1059 (9th Cir. 2015) (recognizing protected property interest in participating in exchange visitor program); *Brown v. Holder*, 763 F.3d 1141, 1148 (9th Cir. 2014) (recognizing protected property interest in nondiscretionary application for naturalization).

49. Defendants terminated Plaintiff's SEVIS record based on improper grounds without prior notice and without providing Plaintiff an opportunity to respond. The failure to provide notice of the facts that formed the basis for the SEVIS termination is a violation of due process under the Fifth Amendment.

Complaint for Declaratory and Injunctive Relief

## THIRD CAUSE OF ACTION

### Administrative Procedure Act

*(Procedural Due Process)*

50. Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.

51. Under §706(a) of the APA, final agency action can be set aside if it is "contrary to a constitutional right, power, privilege, or immunity." 5 U.S.C. §706(2)(B).

52. Defendants terminated Plaintiff's SEVIS record based on improper grounds without prior notice and without providing Plaintiff an opportunity to respond. The failure to provide notice of the facts that formed the basis for the SEVIS termination is a violation of due process under the Fifth Amendment.

53. Accordingly, Defendants' action is contrary to a constitutional right.

## FOURTH CAUSE OF ACTION
### Violation of the Administrative Procedure Act and the *Accardi* Doctrine
*(Policy of Targeting African, Arab, Middle Eastern, Muslim, and Asian students)*

54. Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein. The government has adopted a policy of targeting African, Arab, Middle Eastern, Muslim, and Asian students for removal based on their race and national origin. This policy is arbitrary and capricious, an abuse of discretion, contrary to constitutional right, contrary to law, and in excess of statutory jurisdiction. 5 U.S.C.A. § 706 (2)(A), (B), (C), and violates the *Accardi* doctrine and federal agencies' own rules, *see Accardi v. Shaughnessy*, 347 U.S. 260 (1954).

## FIFTH CAUSE OF ACTION

Complaint for Declaratory and Injunctive Relief

## Administrative Procedure Act

*(Arbitrary and Capricious SEVIS Termination)*

55. Plaintiff incorporates the allegations in the paragraphs above as though fully set forth here.

56. Under §706(a) of the APA, final agency action can be set aside if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," including if it fails to make a rational connection between the facts found and the decision made. 5 U.S.C. §706(2)(A).

57. Defendants failed to articulate the facts that formed a basis for their decision to terminate Plaintiff's SEVIS status in violation of the APA, let alone any rational connection between the facts found and the decision made.

58. Defendants' action is therefore arbitrary and capricious.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court grant the following relief:

(1) Assume jurisdiction over this matter;

(2) Declare that the termination of Plaintiff's SEVIS record was unlawful;

(3) Vacate and set aside ICE's termination of Plaintiff's SEVIS status;

(4) Order that Defendants restore Plaintiff's SEVIS record and status;

(5) Ordering ICE to issue public-facing clarifying guidance to the public as well as specific guidance to employers and Designated School Officers at Universities and Colleges nationwide clarifying that the SEVIS termination does not disrupt

Complaint for Declaratory and Injunctive Relief

student status, work authorization or lawful presence and that employers and schools should not take adverse action based on SEVIS termination;

(6) Enjoin Defendants from taking any enforcement action against Plaintiff arising directly or indirectly from their misdemeanor conviction, the unlawful termination of their SEVIS, or the potential unlawful revocation of their F-1 visa which may have already occurred;

(7) Enjoin Defendants from detaining Plaintiff pending these proceedings;

(8) Enjoin Defendants from transferring Plaintiff away from the jurisdiction of this District pending these proceedings;

(9) Enjoin Defendants from removing Plaintiff from the United States pending these proceedings;

(10)   Award reasonable costs and attorney fees under the Equal Access to Justice Act (EAJA) and/or any other statute or legal authority that authorizes such an award under the particular circumstances of this case; and

(11)   Grant such further relief as the Court deems just and proper.


Dated April 17, 2025                  Respectfully Submitted,


                                      /s/ Jeff Joseph
                                      Jeff Joseph
                                      Berry Appleman & Leiden
                                      2400 N. Glenville Drive
                                      Richardson, TX  75082
                                      (720) 273-4647

Complaint for Declaratory and Injunctive Relief

jeff@immigrationissues.com
pro hac vice pending

Gregory P. Copeland
Law Office of G P Copeland
6565 Spring Brook Avenue, Suite 8, #195
Rhinebeck, NY 12572
Tel.: (845) 280-6446
g@gpcopeland.com
local counsel pursuant to L.Rule 101.1(c)(1)

Complaint for Declaratory and Injunctive Relief