UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Student DOE #1<br><br>Plaintiff,<br><br>v.<br><br>Donald J. TRUMP, in his official capacity, President of the United States of America; et al.<br><br>Defendants. | Case No. 2:25-cv-02825-MCA-LDW<br><br><br><br>**NOTICE OF PLAINTIFF'S POSITION ON ICE CHANGE OF POLICY AND IMPACT ON PENDING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

Pursuant to this Court's text order (ECF 28), Plaintiff hereby submits Plaintiff's position on ICE's announcement of a change in policy and reinstatement of SEVIS status for students impacted by the mass termination.

On April 18, 2025, this Court granted the Temporary Restraining Order in this case (ECF 13) and ordered Defendants to restore Plaintiff's SEVIS record and status and set aside Defendant's termination of Plaintiff's SEVIS status. The order also enjoined the Defendants from directly or indirectly enforcing, implementing, or otherwise imposing any legal consequences as the result of the Defendants' decision to terminate Plaintiff's SEVIS records, including arresting, detaining, or removing Plaintiff rom this Court's jurisdiction, or ordering the same, without providing adequate notice to this Court and to Plaintiff's counsel, as well as sufficient time to contest any such enforcement action.

Despite being ordered to restore SEVIS status on April 18th, and despite several follow ups to Defendants, Plaintiff's SEVIS status was not restored until April 22, 2025.

Yesterday, in pending litigation around the country, the Defendants filed the following statement:

> **ICE is developing a policy that will provide a framework for SEVIS record terminations. Until such a policy is issued, the SEVIS records for plaintiff(s) in this case (and other similarly situated plaintiffs) will remain Active or shall be re-activated if not currently active and ICE will not modify the record solely based on the NCIC finding that resulted in the recent SEVIS record termination. ICE maintains the authority to terminate a SEVIS record for other reasons, such as if the plaintiff fails to maintain his or her nonimmigrant status after the record is reactivated or engages in other unlawful activity that would render him or her removable from the United States under the Immigration and Nationality Act.**

To the extent that the policy change above would constitute a restoration of SEVIS status retroactively to the date that the termination took place so that there are no gaps in the Plaintiff's status, the change in policy would address the emergency portion of the first part of the court's order on the Temporary Restraining Order and Plaintiffs would concede that the emergency is resolved.

However, the hearing on Monday should proceed and the Plaintiff would like for the court to convert the Plaintiff's Temporary Restraining Order to a Preliminary Injunction, or, in the alternative, consider the Motion as a Motion for Summary Judgment under Fed.R.Civ.P. 65(a)(2) as there are no issues of material fact and the only remaining issues are legal.

First, the issue of Plaintiff's deportation is not resolved by this policy change. When the Defendants unlawfully terminated the Plaintiff's SEVIS registration, that also caused the Department of State to revoke the Plaintiff's visa on April 9th. The moment the visa was revoked, the Plaintiff became deportable from the United States. 8 U.S.C. §1227(a)(1)(B). Other students who have had visas revoked have been arrested, transferred to Louisiana or Texas, detained, and deported. (See Motion for TRO, at 4). Unfortunately, as long as the Plaintiff remains subject to deportation for conduct that should never have resulted in a revocation in the first instance, the emergency remains.

Unfortunately, the statute also precludes judicial review for visa revocations, 8 U.S.C. §1201(i), so the unlawful actions of the Plaintiffs have caused the visa revocation that is not subject to judicial review and also makes the Plaintiff removable. As such, Plaintiff requests that the hearing proceed as scheduled.

Dated: April 26, 2025

Respectfully submitted,
/s/ Jeff Joseph
Jeff Joseph
Berry Appleman & Leiden
2400 N. Glenville Drive
Dallas, TX  75082
(720) 273-4647
jeff@immigrationissues.com

/s/  Gregory Copeland
Gregory P. Copeland
Law Office of G P Copeland
6565 Spring Brook Avenue, Suite 8, #195
Rhinebeck, NY 12572
Tel.: (845) 280-6446
g@gpcopeland.com