TODD W. BLANCHE
United States Deputy Attorney General
ALINA HABBA
Acting United States Attorney
Special Attorney
MATTHEW J. MAILLOUX
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
Tel: (973) 645-2837

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STUDENT DOE #1, *Plaintiff,* v. TRUMP, *et al.,* *Defendants.* | HON. MADELINE COX ARLEO Civil Action No. 2:25-CV-2825 (MCA) **STIPULATION OF DISMISSAL** |

IT IS HEREBY STIPULATED AND AGREED, by and between the parties, Plaintiff Student Doe #1, and the Defendants (Donald J. Trump, in his official capacity, President of the United States of America; John Tsoukaris, in his official capacity as U.S. Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations New Jersey Field Office Director; Todd M. Lyons, in his official capacity, Acting Director, ICE, U.S. Department of Homeland Security; Kristi Noem, in her official capacity, Secretary, U.S. Department of Homeland Security; and Marco Rubio, in his official capacity, Secretary of State), by and through their undersigned counsel, as follows:

1.      The Student and Exchange Visitor Information System ("SEVIS") record for Plaintiff in this case has been set back to "Active" by the Student and Exchange Visitor Program ("SEVP") within Homeland Security Investigations ("HSI") at ICE.

2.      The reactivation of the Plaintiff's SEVIS record is retroactive to the date of its initial termination, such that there is no gap or lapse in the Plaintiff's SEVIS record.  Although the event history will memorialize whatever modifications are made to the SEVIS account, the effect of this retroactive activation is as though the termination did not happen.  ICE has provided a letter to Plaintiff and undersigned counsel.

3.      The termination and reactivation of a Plaintiff's SEVIS record by SEVP, as set forth in Paragraph 1 of this Stipulation, will not, in itself, have a negative impact on the adjudication of any benefit request by United States Citizenship and Immigration Services ("USCIS"), nor will the termination and reactivation of the SEVIS record and/or revocation of the visa, alone, precipitate or prompt any enforcement action by DHS.  Subject to any applicable laws, regulations, policies, and procedures, revocation of the Plaintiff's visa will not in itself render Plaintiff statutorily ineligible to receive a new visa.  If, while adjudicating an immigration benefit request, during the investigation of an enforcement action, or during the adjudication of a visa, DHS, USCIS, or Department of State finds that an F-1 nonimmigrant's SEVIS record was terminated and then reactivated by ICE, those agencies will continue processing the benefit request according to all applicable laws, regulations, policies, and procedures.

4.      To the extent USCIS issues a request for evidence, notice of intent to deny, or denial based in whole or part on the termination and reactivation of Plaintiff's SEVIS record, counsel for Defendant agree to cooperate with Plaintiff's counsel to ensure USCIS is aware of this Stipulation and its terms in connection with its consideration or reconsideration of Plaintiff's benefits request.

5.      To the extent the Plaintiff is participating in Optional Practical Training ("OPT"), or Science, Technology, Engineering and Math ("STEM") OPT, or Curricular Practical Training ("CPT"), any authorization end date for OPT, STEM OPT, or CPT will be reset to the end date set forth in the Plaintiff's SEVIS record before its termination.

6.      ICE will not re-terminate the Plaintiffs' SEVIS records based solely on the National Crime and Information Center ("NCIC") record that led to the initial termination. ICE maintains the authority to terminate a SEVIS record for any other reason, authorized under the Immigration and Nationality Act or immigration regulations.

7.      Plaintiff's counsel will promptly provide counsel for Defendants with the receipt number and tracking number for any benefit request submitted to USCIS.

8.      Plaintiff shall dismiss this action without prejudice. Each party to bear its own fees and costs.

ACCORDINGLY, the action is now moot and should be dismissed pursuant to Federal Rule of Civil Procedure 41, without prejudice and without costs or attorneys' fees to either party.

Dated: August 1, 2025              BERRY APPLEMAN & LEIDEN
       Denver, Colorado

                      By:    /s/ Jeff Joseph
                            *Pro Hac Vice Attorney for Plaintiff*

Dated: August 1, 2025              LAW OFFICE OF GP COPELAND
       Rhinebeck, New York

                      By:     /s/ Gregory Copeland
                            GREGORY PAUL COPELAND
                            *Attorneys for Plaintiff*

Dated: August 11, 2025             TODD W. BLANCHE
       Newark, New Jersey             United States Deputy Atty Gen'l

                            ALINA HABBA
                            Acting United States Attorney
                            Special Attorney

                      By:     */s/ Matthew J. Mailloux*
                            MATTHEW J. MAILLOUX
                            Assistant United States Attorney
                            *Attorneys for Defendants*

SO ORDERED:

August ___, 2025    _____
                 HON. MADELINE COX ARLEO
                 UNITED STATES DISTRICT JUDGE